**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK LAKEY,<br>*Petitioner-Appellant,*<br>v.<br>RODERICK HICKMAN,<br>*Respondent-Appellee.* | No. 09-15940<br><br>D.C. No.<br>2:05-cv-01864-<br>JAM-GGH<br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted
September 15, 2010—San Francisco, California

Filed January 5, 2011
Amended February 10, 2011

Before: J. Clifford Wallace and Sidney R. Thomas,
Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Wallace

---

*The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

2479

## COUNSEL

Mark David Greenberg, Oakland, California, for petitioner-appellant Derrick Lakey.

Justin Riley (argued), Edmund G. Brown, Michael P. Farrell and Brian G. Smiley, Office of the California Attorney General, Sacramento, California, for respondent-appellee Roderick Hickman.

---

**ORDER**

The court's opinion filed January 5, 2011, slip op. 403, and appearing at ___ F.3d ___, 2011 WL 13922 (9th Cir. 2011), is hereby amended as follows:

1.  On page 406, line 8, delete "We have jurisdiction pursuant to 28 U.S.C. § 2253, and we dismiss the appeal because Lakey's habeas petition is time-barred under 28 U.S.C. § 2244(d) (1996)." Replace that text with "We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate the district court's denial of Lakey's petition on the merits, remand, and direct that the district court dismiss Lakey's habeas petition as time-barred."

2.  On page 413, line 11, delete "We therefore dismiss his appeal from the denial of habeas relief and instruct the district court to enter an order dismissing Lakey's federal petition as time-barred under 28 U.S.C. § 2244(d)'s statute of limitations." Replace that text with "We therefore vacate the district court's denial of Lakey's habeas petition on the merits and remand with an instruction that the district court enter an order dismissing Lakey's federal petition as time-barred under 28 U.S.C. § 2244(d)'s statute of limitations."

3.  On page 413, line 15, delete "DISMISSED WITH INSTRUCTIONS." Replace that text with "VACATED and REMANDED with INSTRUCTION."

With these changes, the panel has voted to deny the petition for panel rehearing. Judge Thomas has voted to deny the peti-

tion for rehearing en banc, and Judge Wallace and Judge Mills have so recommended. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED. No subsequent petitions for rehearing or rehearing en banc may be filed.

## OPINION

WALLACE, Senior Circuit Judge:

Petitioner-Appellant Derrick Lakey, a California state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we vacate the district court's denial of Lakey's petition on the merits, remand, and direct that the district court dismiss Lakey's habeas petition as time-barred.

## I.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) allows state prisoners only one year from the completion of the direct review process in state court to apply in federal court for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period, however, is subject to both statutory tolling during the pendency of a properly filed state application for post-conviction relief, *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), and to equitable tolling when a state prisoner pursues his federal rights diligently, but is prevented from filing a timely petition by some extraordinary circumstance, *id.* at 2562. Although Lakey filed his federal petition nearly three years after the state court direct review process ended, he contends that his petition qualifies for both statutory and equitable tolling.

Following a 1996 jury trial in state court, Lakey was convicted on one count of first-degree murder and two counts of attempted murder for his participation in a drive-by shooting in Stockton, California. After an unsuccessful direct appeal, Lakey's convictions became final for purposes of AEDPA's one-year statute of limitations on October 30, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

Over the next three years, Lakey initiated a series of unsuccessful state-court applications for post-conviction relief, including two rounds of state habeas petitions. Lakey began his first round of state petitions in California superior court on April 5, 2003. After that court denied relief, Lakey slowly worked his way to the Supreme Court of California, which rejected his first round of claims without comment on August 25, 2004. Thirty days later, on September 24, 2004, Lakey initiated a second round of state habeas proceedings. The state trial court rejected this second set of claims on November 5, 2004, and the state court of appeal summarily denied relief on December 22, 2004. Nearly one year later, on December 15, 2005, the Supreme Court of California denied Lakey's final petition for post-conviction review as untimely.

Lakey filed his federal petition in the Eastern District of California on September 15, 2005, which was 267 days after the state court of appeal summarily denied Lakey's second round of post-conviction relief and 90 days before the state supreme court rejected those claims on timeliness grounds. According to Lakey and the State, *at least* 352 days of AEDPA's 365-day limitations period had expired by the time Lakey filed his federal petition. One hundred fifty-seven days ran from the finalization of Lakey's direct appeal on October 30, 2002, and the filing of his initial state petition on April 5, 2003. The parties agree that another 165 days expired as a result of two lengthy filing delays that occurred during Lakey's first round of state habeas proceedings: an 84-day gap following the state trial court's denial of relief and an 81-day delay in seeking review from the state supreme court after

Lakey's claims were denied by the court of appeal. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (refusing to toll AEDPA's statute of limitations when interval between California prisoner's state court filings is "substantially longer than" the 30 to 60 days typically afforded in other states). But we need address the issue of whether Lakey's unexplained 81 and 84-day delays substantially exceed the 30 to 60-day limits because in his brief and at oral argument, Lakey explicitly conceded that interval tolling is unavailable for the time that passed during his relatively lengthy filing delays. Finally, an additional 30 days expired after the completion of Lakey's first round of state petitions on August 25, 2004, and the beginning of his second round on September 24, 2004. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (AEDPA's limitations period is not tolled during interval between California petitioner's first and second round of state petitions).

Although both parities agree that at least 352 days had expired by the time Lakey filed his federal petition, they dispute whether any additional time had lapsed. Lakey contends that the remaining time is subject to both statutory and equitable tolling. According to the State, however, an additional 267 days of the limitations period expired between December 22, 2004, when the California Court of Appeal summarily denied Lakey's second round of state proceedings, and September 15, 2005, when Lakey filed his federal petition. The State maintains that tolling is unavailable during this time because Lakey's subsequent petition for review to the Supreme Court of California was ultimately denied as untimely under state law. Therefore, the dispute in this case focuses on whether Lakey is entitled to statutory or equitable tolling for the 267 days that his final petition was pending before the Supreme Court of California.

In the federal district court, a magistrate judge recommended that Lakey's federal habeas petition be dismissed as time-barred under section 2244(d)'s statute of limitations. The

district court, however, rejected this recommendation, concluding that Lakey's petition was timely because he "was entitled to AEDPA tolling for the 267 days his [final state] petition was pending" before the Supreme Court of California. The district court then rejected Lakey's federal claims on the merits.

In the instant appeal, Lakey challenges the district court's denial of habeas relief, contending that he was convicted of first-degree murder in violation of his due process rights. Nevertheless, we need not reach the merits of Lakey's due process claims if the district court was incorrect when it determined Lakey filed his federal petition within AEDPA's statute of limitations. Upon de novo examination of the district court's tolling decision, *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005), we must determine whether Lakey is entitled to tolling during the pendency of his untimely petition for review to the Supreme Court of California. Unless statutory or equitable tolling are available for the 267 days at issue, Lakey's federal petition will be time-barred under 28 U.S.C. § 2244(d).

## II.

**[1]** We first address Lakey's request for statutory tolling. Under the AEDPA, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). When "the state court reject[s]" a petition for post-conviction relief "as untimely, it [is] not 'properly filed' " and does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). This is so because state "time limits, *no matter their form*, are 'filing' conditions" that "go to the very initiation of a petition and a court's ability to consider that petition." *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (internal quotation omitted) (untimely state petition does not toll section 2244(d)(1) even if state time limit contains element of "discretion" or operates

as an "affirmative defense"). Based on these principles, we have consistently held that statutory tolling "is unavailable where a state habeas petition is deemed untimely under California's timeliness standards." *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010), *citing Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).

**[2]** Statutory tolling is unavailable for the 267 days at issue here because Lakey's final state habeas petition was deemed untimely under California law. In denying Lakey's final petition for post-conviction relief, the Supreme Court of California cited its decision of *In re Clark*, 855 P.2d 729 (Cal. 1993), which "dealt specifically with the bar of 'untimeliness.'" *Park v. California*, 202 F.3d 1146, 1152 n.3 (9th Cir. 2000). Because Lakey's untimely petition must be treated as improperly filed, or as though it never existed, for purposes of section 2244(d), the pendency of that petition did not toll the limitations period. *See White*, 601 F.3d at 884; *Bonner*, 425 F.3d at 1149.

**[3]** We disagree with Lakey's contention that *White* and *Bonner* are inconsistent with our recent decision in *Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009). In *Ramirez*, we held that a California petitioner was entitled to statutory tolling during the pendency of a state *coram nobis* petition that was later denied on the merits due to the petitioner's failure to "demonstrate that he . . . proceeded with due diligence," which is a necessary condition for obtaining *coram nobis* relief under California law. *Id.* at 999. According to Lakey, he is likewise entitled to tolling for the 267 days at issue here because California's timeliness rule for state habeas filings frequently requires consideration of a petitioner's diligence. *See, e.g.*, *People v. Kim*, 202 P.3d 436, 449 (Cal. 2009). Nevertheless, unlike in *Ramirez*, Lakey's petition for collateral review was not denied as without merit or for failure to satisfy a " 'condition for obtaining relief,' " but rather because Lakey failed to comply with California's timeliness rule for state habeas petitions. As the Supreme Court explained in *Pace*,

"[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of" statutory tolling. 544 U.S. at 414 (second alteration in original), *quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002). The Court even used California's timeliness rule as an example of a "filing condition" that must be satisfied for a state application for post-conviction relief to be "properly filed" within the meaning of section 2244(d)(2). *Id.* at 413-14, *citing Carey*, 536 U.S. at 226.

Thus, statutory tolling is unavailable for the 267 days that Lakey's untimely state petition was pending before the Supreme Court of California. Only equitable tolling can keep Lakey's federal petition from being time-barred by 254 days.

## III.

**[4]** We next turn to Lakey's request for equitable tolling. We recognize that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, *quoting Pace*, 544 U.S. at 418. "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations, citations, and alteration omitted). The high threshold of extraordinary circumstances is necessary "lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal quotations and citation omitted).

**[5]** In the appeal before us, both parties agree that 352 of days of the limitations period had expired as of December 22, 2004, when the California Court of Appeal summarily denied Lakey's second round of state post-conviction proceedings. On April 27, 2005, 126 days later, the Supreme Court issued its decision in *Pace*, which rendered Lakey's federal petition

time-barred because his then-pending state habeas application was deemed "untimely" and "improperly filed." *See Pace,* 544 U.S. at 413-14. Prior to *Pace*, however, our precedent, as established in *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), provided "that an untimely . . . State postconviction petition was 'properly filed' for purposes of [section] 2244(d) and tolled the statute of limitations while the petition was pending in the state courts." *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009) (internal quotations omitted), *quoting Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008). Based on *Townsend* and *Harris*, Lakey asserts that he is entitled to equitable tolling for the 267 days at issue because, from the moment *Pace* was decided, it became "impossible for [him] to file a timely petition." *See Harris*, 515 F.3d at 1056.

**[6]** However, in *Townsend* and *Harris*, equitable tolling was appropriate because the petitioners made a showing that they actually relied on a correct interpretation of the *Dictado* rule in delaying their federal petitions. *See Townsend*, 562 F.3d at 1206; *Harris*, 515 F.3d at 1053-54. Lakey does not set forth any facts suggesting similar reliance on our prior precedent. Instead, the notion that Lakey relied on *Dictado* is belied by the fact that he waited an additional 141 days after *Pace* was decided to file his federal petition. The petitioners in *Townsend* and *Harris*, on the other hand, filed their federal petitions either before or immediately after *Pace* went into effect. *Townsend*, 562 F.3d at 1206 (petitioner filed his federal petition before Court's decision in *Pace*); *Harris*, 515 F.3d at 1054 (federal petition filed just fourteen days after *Pace*). Lakey's 141-day delay in bringing his federal petition indicates that he did not diligently pursue his rights. *See Holland*, 130 S. Ct. at 2562.

**[7]** Moreover, even if we were to conclude that equitable tolling was appropriate for the time period that the *Dictado* rule was still in effect, the statute of limitations would only be tolled until the Court issued its decision in *Pace*. Once *Pace*

was decided, Lakey had notice that *Dictado* had been overruled and that tolling would be unavailable if his state petition was denied as untimely. *See Pace,* 544 U.S. at 413-414 & n.3. *Pace* also explicitly advised state prisoners, such as Lakey, to file a protective federal petition to avoid a possible timeliness bar. *Id.* at 416. Despite this warning, Lakey waited nearly five months before filing his federal claims. Thus, even giving Lakey the benefit of equitable tolling for the time period prior to the Court's decision in *Pace*, Lakey's subsequent 141-day delay rendered his federal petition untimely by at least 128 days.

## IV.

**[8]** For these reasons, we hold that Lakey is not entitled to statutory and equitable tolling. We therefore vacate the district court's denial of Lakey's habeas petition on the merits and remand with an instruction that the district court enter an order dismissing Lakey's federal petition as time-barred under 28 U.S.C. § 2244(d)'s statute of limitations.

**VACATED and REMANDED with INSTRUCTION.**