**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD E. SINGLETON, | No. 09-57003 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-00471-LAB-CAB |
| v. | |
| KEN CLARK, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 11, 2011[**]
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara G. Lynn, District Judge for the U.S. District
Court for Northern Texas, Dallas, sitting by designation.

Chad Singleton appeals the district court's dismissal of his federal habeas petition time-barred. 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the dismissal of a habeas petition de novo, *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001), and the district court's factual findings for clear error, *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). We view the factual allegations in the light most favorable to Singleton. *Evans v. Chavis*, 546 U.S. 189, 201 (2006).

Singleton's federal habeas petition is untimely, as he filed it after the expiration of the one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

Singleton concedes that statutory tolling does not apply.

Equitable tolling is available only where extraordinary circumstances beyond the prisoner's control made it impossible to file a petition on time. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Singleton is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 2562-63 (2010).

Singleton did not act diligently. He has not explained the unreasonable gaps between the filing of each state petition, or from the finding of untimeliness by the

state courts to the filing of his federal petition. *See, e.g.*, *Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011).

Singleton also has not shown how his disabilities prevented him from filing a timely petition. He bears the burden of showing that he was incapable of filing his federal petition on time. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). He has not done so.

**AFFIRMED.**