FILED

NOT FOR PUBLICATION

DEC 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEY BLACH,

Petitioner - Appellant,

v.

JOHN DOVEY, Director for Adult
Institutions; CALIFORNIA
DEPARTMENT OF CORRECTIONS
AND REHABILITATION; SCOTT
KERNAN, Director of Adult Institutions,
California Department of Corrections,

Respondents - Appellees.

No. 09-17571

D.C. No. 4:05-cv-04446-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Mills, Senior District Judge for the United
States District Court for Central Illinois, sitting by designation.

Petitioner Rodney Blach (Blach) appeals the district court's dismissal of his untimely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that he was prevented from filing a timely petition due to difficulty gaining access to his legal papers, being placed in isolation, and his transfer to a different prison facility.

Blach argues that due to extraordinary circumstances and his diligence to overcome those circumstances, he is entitled to equitable tolling. *See Lakey v. Hickman*, 633 F.3d 782, 784 (9th Cir. 2011), *as amended*. But the ability to file other petitions for post-conviction relief during the AEDPA limitations period demonstrates that a petitioner also had the ability to file a federal habeas petition. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (holding that the district court properly denied petitioner's request for an evidentiary hearing on equitable tolling where the petitioner filed several petitions for post-conviction relief containing the same arguments presented in his federal habeas petition). Blach was able to prepare a truncated twenty-four page state petition raising the same claims as his belated federal petition. The fact that Blach was able to file this post-conviction petition demonstrates the lack of extraordinary circumstances.

The district court did not abuse its discretion when it denied Blach's petition without holding an evidentiary hearing. "To obtain an evidentiary hearing in

2

district court, a habeas petitioner must, in addition to showing diligence in state court, allege a colorable claim for relief." *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) (citation omitted). "To allege a colorable claim, he must allege facts that, if true, would entitle him to habeas relief." *Id.* (citation omitted). "If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* (citation, alteration, and internal quotation marks omitted).

Because Blach's allegations that extraordinary circumstances precluded him from timely filing his habeas petition were not supported by the record, no evidentiary hearing was warranted.

**AFFIRMED.**