**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANDERSON P. THURSTON, | No. 10-16142 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02280-LKK-GGH |
| v. | |
| JAMES YATES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, Senior District Judge.[**]

Appellant Anderson Thurston (Thurston) challenges the district court's dismissal of his habeas petition as untimely. Thurston contends that he was entitled to additional equitable tolling.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior District Judge for the United States District Court for Central Illinois, sitting by designation.

**1.** The state's argument that Thurston's federal habeas petition is procedurally barred was not raised in the district court. Rather than determining whether the state's reason for failing to raise procedural default meets the extraordinary circumstances standard, we review Thurston's claims on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

**2.** Thurston agrees with the district court's grant of equitable tolling for the period between August 9, 2006 and June 30, 2008. However, Thurston argues that the district court erred in not granting equitable tolling between June 30, 2008 and September 23, 2008.

A habeas petitioner is eligible for equitable tolling when he diligently pursues his federal rights, and is nevertheless incapable of filing a timely federal habeas petition because of extraordinary circumstances. *See Lakey v. Hickman*, 633 F.3d 782, 784 (9th Cir. 2011), *as amended*. Additionally, there must be a causal link between the extraordinary circumstances and the inability to file a timely petition. *See id.* at 786. The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. *See Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010). An appellant may be entitled to equitable tolling during a period when the appellant has no access to his legal files,

and such deprivation made it impossible to timely file the appellant's habeas petition. *See Ramirez v. Yates*, 571 F.3d 993, 1000-01 (9th Cir. 2009).

The magistrate judge found that Thurston was not diligent in filing his federal habeas petition because at the point he learned that his state supreme court habeas petition had been denied, he filed a petition for rehearing in the state court rather than filing a federal habeas petition. Unfortunately, Thurston's attempt to preserve his federal claims by filing in state court does not warrant equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012-13 & n.3 (9th Cir. 2009). Moreover, ignorance of the law does not warrant equitable tolling. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).

That Thurston was in administrative segregation for thirty-two days with no access to his legal files does not change the outcome. Even allowing for these thirty-two days, there remains a gap of fifty-three days. Therefore, the district court did not err in granting defendant's motion to dismiss, because Thurston's habeas petition was barred by the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d)(1).

**AFFIRMED.**

3