**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN TIMOTHY PEREZ, | No. 09-56441 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-03597-SVW-MAN |
| v. | |
| GREG LEWIS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 10, 2013
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
HELLERSTEIN, Senior District Judge.[**]

Petitioner John Timothy Perez appeals the district court's denial of his

petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254. Perez raises two

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

arguments that his petition should not have been dismissed as untimely and we address each in turn.

Perez is not entitled to an equitable exception to AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1)(D), on the basis of "actual innocence," *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). He has not "demonstrate[d] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Lee*, 653 F.3d at 937.

We will assume, *arguendo*, that Perez is entitled to delayed accrual of his claim and that he exercised diligence. He concedes, however, that he is not entitled to statutory tolling while his petition was pending in the California Supreme Court, because that court dismissed his petition as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Perez is, therefore, not entitled to equitable tolling sufficient to make his habeas petition timely. *See Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011).

**AFFIRMED**