**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABLO SALAS,

        Petitioner-Appellant,

v.

M. D. BITER, Warden,

        Respondent-Appellee.

No.   22-16767

D.C. No.
1:15-cv-00831-JLT-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted September 25, 2024
San Francisco, California

Before:  S.R. THOMAS, PAEZ, and COLLINS, Circuit Judges.

Petitioner-Appellant Pablo Salas appeals the district court's denial of his

motion to amend his petition for a writ of habeas corpus.  We affirm.  Because the

parties are familiar with the history of this case, we need not recount it in detail

here.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

I

This case returns to us after remand to the district court. Salas was convicted of, among other things, murder with two special circumstances: gang-murder and robbery-murder. Each special circumstance independently supported a life without parole sentence.[1] Salas's original federal habeas petition challenged the sufficiency of the evidence supporting the gang-murder special circumstance, but not the robbery-murder special circumstance.

While Salas's federal appeal to us was pending, he filed and exhausted a state habeas petition challenging the sufficiency of the evidence of his robbery-murder special circumstance. We then affirmed the federal district court's dismissal for lack of jurisdiction due to a lack of nexus to the "in custody" requirement for federal habeas jurisdiction, but remanded the case for the district court to consider in the first instance whether Salas should be permitted to amend his federal petition to include his robbery-murder claim. *Salas v. Biter*, 815 F. App'x 177, 178-79 (9th Cir. 2020).

---

[1] The State notes that, despite the jury's finding of both special circumstances, the judgment entered by the trial court rested only on the robbery-murder special circumstance.

## II

The district court correctly determined that Salas's proposed amendment was untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on petitioners seeking to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2444(d)(1). The AEDPA statute of limitations commences when the petitioner's state direct review becomes final. *Id.*

In this case, Petitioner's direct review before the state court became final on October 21, 2014, when the ninety day period to file a petition for a writ of certiorari in the United States Supreme Court expired. *See Rasberry v. Garcia*, 448 F.3d 1150, 1152 (9th Cir. 2006). Thus, absent an exception to the AEDPA statute of limitations, the time in which to file a habeas petition expired on October 21, 2015. The parties do not dispute that the statute of limitations has passed, which would prohibit the filing of the amended habeas petition. However, Salas contends that two exceptions to the statute of limitations apply in this case: (1) that his amended petition relates back to the original federal habeas petition and (2) that he is entitled to equitable tolling of his claims. We review *de novo* applications of the relation back and equitable tolling doctrines. *Williams v. Boeing Co.*, 517 F.3d 1120, 1132, 1135 (9th Cir. 2008).

A

The district court correctly held that the claims in the proposed amended petition did not relate back to the original habeas petition. Pursuant to Fed. R. Civ. P. 15(c), an amendment "relates back" to the date of the original petition when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The relation back analysis proceeds in two steps. *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). "First, we determine what claims the amended petition alleges and what core facts underlie those claims." *Id.* "Second, for each claim in the amended petition, we look to the body of the original petition and its exhibits to see whether the original petition 'set out' or 'attempted to . . . set out' a corresponding factual episode—or whether the claim is instead 'supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B) and *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

"The central question under this framework is whether the amended and original petitions share a common core of operative facts," *Ross*, 950 F.3d at 1168. The existence of some common tangential facts does not constitute "a common core of operative facts;" the "core facts" underlying the two claims must be shared.

4

*Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that the existence of one common fact did not warrant relation back where the "core facts" were different in type).

The question in this case is whether Salas's new challenge to the robbery-murder special circumstances relates back to his original challenge to the gang-murder special circumstance. After considering Salas's allegations in his original habeas petition and applying the standard in *Ross*, we conclude that the gang-murder and robbery-murder special circumstance claims lack a common core of operative facts. While Salas's challenge to the gang murder special circumstnace set forth facts that he had no gang affiliation, the core facts underlying the new robbery-murder challenge include: (1) Salas's role in the robbery that led to the victim's death, (2) that Salas was not in possession of a firearm, (3) Salas's knowledge of the dangers posed by the robbery, (4) Salas's presence at the murder scene, and (5) Salas's actions following the murder.

Thus, the proposed challenge to the robbery-murder special circumstance relies on "facts that differ in both time and type from those the original pleading set forth" in asserting the challenge to the gang-murder special circumstance. *Ross*, 950 F.3d at 1167.

5

The fact that both challenges relate to the same crime is also not sufficient for the proposed amendment to relate back to the original. *See Mayle*, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). Relation back analysis looks not just to whether the petition and amendment relate to the same crime, but rather to what specific facts about the crime the petition and amendment rely upon. *See Ross*, 950 F.3d at 1167; *Schneider*, 674 F.3d at 1151.

B

The district court also properly concluded that equitable tolling does not apply. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Under the second element, the petitioner must show "that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (citation omitted) (cleaned up).

6

Salas argues that he is entitled to equitable tolling because of (1) changes to California law, (2) the fact he was initially proceeding *pro se*, (3) that his appellate counsel was ineffective, and (4) that the case was procedurally complex.

Changes in law that are potentially favorable to a petitioner's claim do not warrant equitable tolling. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005). Thus, the changes in California law brought about by Senate Bill 1437 do not entitle Salas to equitable tolling.

The fact that Salas filed his original petition *pro se* also does not entitle him to equitable tolling. *See Rasberry*, 448 F.3d at 1154 ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Salas's state appellate counsel's decision not to challenge the robbery-murder special circumstance on direct appeal also does not justify equitable tolling. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) ("'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (citations omitted). Salas has recognized that a challenge to the felony-murder special circumstance, given the state of law at the time, would have been "prescient." *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Thus, a failure to raise a potentially

colorable legal argument, which was likely foreclosed by then applicable precedent, is distinguishable from the extraordinary circumstances identified in *Holland*. *See Towery v. Ryan*, 673 F.3d 933, 943 (9th Cir. 2012) (per curiam), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc). It is not sufficient cause to justify equitable tolling.

Finally, the procedural complexity in this case—the requirement of challenging robbery murder with gang murder—also does not justify equitable tolling. This procedural complexity was not the "cause of [Salas's] untimeliness," and so it is not an extraordinary circumstance for purposes of equitable tolling. *See Lakey*, 633 F.3d at 786.

III

In sum, the district court properly denied the motion to file an amended federal habeas petition. Given our resolution of the issues, we need not, and do not, reach any other issue raised by the parties. We deny all pending motions as moot.

**AFFIRMED.**