NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN P. CARLSTROM, Jr., | No. 17-55594 |
| Petitioner-Appellant, | D.C. No. 8:16-cv-01297-JVS-KES |
| v. | |
| CHARLES W. CALLAHAN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 11, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Stephen Carlstrom, Jr. appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Under AEDPA, a state prisoner has one year from the date his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). We review de novo the district court's dismissal of Carlstrom's petition as untimely. *See Gibbs v. Legrand*, 767 F.3d 879, 884 (9th Cir. 2014).

Carlstrom contends that he is entitled to equitable tolling of the limitations period. Equitable tolling is only available if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Walden v. Shinn*, 990 F.3d 1183, 1203 (9th Cir. 2021) (quoting *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc)).

Assuming without deciding that an extraordinary circumstance stood in Carlstrom's way and prevented timely filing, Carlstrom fails to demonstrate that he diligently pursued his rights. It is undisputed that Carlstrom filed his first state postconviction petition days before his untolled AEDPA deadline expired. Yet Carlstrom did not file his federal petition—which raised nearly all the same claims as his state petition—for another six months. While "it matters not if [Carlstrom] recycles arguments [or claims] previously made . . . to the state courts," he must nonetheless "act with diligence in preparing" his federal petition and "explain how he had used his time diligently after receiving his file from his attorney." *Smith*, 953 F.3d at 601. Carlstrom has not done so. Carlstrom does not explain why he

2

could not file a protective federal petition along with his state petition before the deadline, nor why he could not file a federal petition during the next six months when his state petitions were pending. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief" may file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

Carlstrom argues that after he received his trial court records and transcripts, he diligently pursued filing his state court petitions for postconviction relief and that he could not have known that his initial state petition would be denied as untimely. This argument fails for two reasons: First, reasonable diligence for equitable tolling purposes refers to a petitioner's diligence in protecting his federal rights, not his state rights. *See Pace*, 544 U.S. at 418; *Lakey v. Hickman*, 633 F.3d 782, 784 (9th Cir. 2011) (explaining that a petitioner must "pursue[e] his federal rights diligently" to obtain the benefit of equitable tolling). Second, a petitioner's surprise that a state petition is untimely is not a ground for equitable tolling. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) ("[Petitioner] was not justified in assuming that his petition was timely and that he would therefore be entitled to [equitable] tolling.").

One of the claims Carlstrom raises—that the California Court of Appeal violated his constitutional rights by "merely rubberstamp[ing]" the lower state

court's denial of his postconviction petition—may not have been time barred under AEDPA. However, this court did not certify the claim. *See* 9th Cir. R. 22–1(e) ("Appellants shall brief only issues certified by the . . . court of appeals . . . ."). We construe Carlstrom's arguments regarding this claim as a motion to expand the certificate of appealability, and deny the motion because Carlstrom fails to make "a 'substantial showing of the denial of a constitutional right.'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)) (per curiam); *see Cullen v. Pinholster*, 563 U.S. 170, 187–88 (2011) (holding that, where state appellate court issues summary denial, petitioner "can satisfy the unreasonable application prong of § 2254(d)(1) only by showing that there was no reasonable basis for the . . . decision" (citation and internal quotation marks omitted)).

**AFFIRMED.**