**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DARRYL D. NEDDS,
        *Petitioner-Appellant,*

v.

ART CALDERON, Warden,
substituted for Don Taylor,
        *Respondent-Appellee.*

No. 08-56520

D.C. No.
2:01-cv-08355-
DSF-CW

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
May 2, 2011—Pasadena, California

Filed May 4, 2012

Before: Harry Pregerson, Raymond C. Fisher, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Pregerson

**COUNSEL**

Sean K. Kennedy, Federal Public Defender, Los Angeles, California; Michael Tanaka (argued), Deputy Federal Public

Defender, Los Angeles, California for the petitioner-appellant.

Edmund G. Brown Jr., Attorney General of California; Dane R. Gillette, Chief Assistant Attorney General; Pamela C. Hamanaka, Senior Assistant Attorney General; Stephanie C. Brenan, Deputy Attorney General; David A. Wildman (argued), Deputy Attorney General, Los Angeles, California, for the respondent-appellee.

## OPINION

PREGERSON, Circuit Judge:

Petitioner-Appellant Darryl Nedds ("Nedds"), a California state prisoner, appeals the district court's holding that his 28 U.S.C. § 2254 habeas corpus petition is time-barred by the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court dismissed Nedds' habeas petition solely for untimeliness and did not reach the merits of Nedds' claim. Accordingly, the only issue before us is whether Nedds timely filed his federal habeas petition.

Nedds argues that he is entitled to equitable tolling for the entire time he pursued his state habeas petitions because, in deciding when he should file his federal habeas petition, he was entitled to rely on then-existing Ninth Circuit precedent under which his federal habeas petition would have been timely when filed. We agree. A habeas petitioner who decides when to file his federal habeas petition in accord with Ninth Circuit precedent that is later overturned by the U.S. Supreme Court is entitled to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir.), *cert. denied*, 555 U.S. 967 (2008); *Townsend v. Knowles*, 562 F.3d 1200, 1206 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, 131 S. Ct.

1120 (2011). Because we hold that Nedds is entitled to equitable tolling, we vacate the district court's order dismissing Nedds' federal habeas petition as untimely and remand the case to the district court for consideration of Nedds' petition on the merits.

## BACKGROUND

On October 9, 1997, Nedds was convicted in Los Angeles County Superior Court of one count of possession of a controlled substance (one rock of crack cocaine). Nedds had four prior felony convictions—all for robbery—within the meaning of California's Three Strikes Law. Because of the priors, he was sentenced to twenty-five years to life in state prison. On January 13, 1999, the California Court of Appeal affirmed the conviction, and on March 24, 1999, the California Supreme Court denied review. The conviction became final on June 22, 1999.

Nedds' quest for habeas relief proceeded as follows:

- On May 25, 1999, before the conviction was final, Nedds filed identical state habeas petitions in Superior Court, and the California Court of Appeal.

- On or about May 27, 1999, Nedds was transferred from Ironwood State Prison to Tehachapi State Prison ("Tehachapi").

- The Superior Court denied Nedds' habeas petition on June 25, 1999, and the California Court of Appeal denied the petition on July 14, 1999.

- On December 22, 1999—160 days later—Nedds filed another state habeas petition in the California Court of Appeal. The petition was denied on January 26, 2000.

- On April 5, 2000—70 days later—Nedds filed a state habeas petition in the California Supreme Court. The petition was denied on September 27, 2000.

- On September 10, 2001[1]—348 days later—Nedds filed a habeas petition in federal district court. All of the petitions (both state and federal) were filed pro se.

- On August 11, 2008, the district court dismissed Nedds' federal habeas petition as untimely for failing to meet AEDPA's one-year statute of limitations, which, absent any form of tolling, expired on June 22, 2000.

Nedds timely appealed to this court, arguing that the district court erred by not crediting him with the equitable and statutory tolling to which he was entitled. Nedds argues that he was entitled to equitable tolling for the time his state habeas petitions were pending because under then-current, but later overturned, Ninth Circuit law, his federal habeas petition would have been timely. Nedds also argues that his filing delays were justified and that he was entitled to statutory tolling for the period he was in the high security prison at Tehachapi, because, among other things, he had severely limited access to the law library, he was frequently under lockdown, and he was under extreme stress due to prison violence.

---

[1]Nedds' petition was dated July 10, 2001, but the petition was not received and filed by the district court until September 27, 2001. The district court, however, mistakenly read the signature date as September 10, 2001, and construed that date as the applicable constructive filing date. After realizing its error, the district court found that a prison mailing and constructive filing date two and a half months before receipt by the court was not credible, so it continued to use the September 10, 2001, date in its analysis. Because the discrepancy in filing dates is not dispositive of this appeal, we follow the district court in using the September 10, 2001, filing date.

According to Nedds, the prison conditions made it difficult for him to timely file his habeas petition. Lastly, Nedds argues that he is entitled to equitable and statutory tolling because he did not receive timely notice of the July 14, 1999, California Court of Appeal denial of his second habeas petition.

## DISCUSSION

This court reviews *de novo* a district court's decision to dismiss a § 2254 habeas petition as untimely. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Underlying findings of fact are reviewed for clear error. *Id.*

## I

A petitioner is entitled to equitable tolling only if he shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The grounds for granting equitable tolling are "highly fact-dependent." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)) (internal quotation marks omitted). When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for " 'flexibility' " and for "avoiding 'mechanical rules.' " *Holland*, 130 S. Ct. at 2563 (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)). A court reviewing a habeas petition should adhere to "a tradition in which courts of equity have sought to 'relieve hardships which, from time to time, arise from a hard and fast adherence' to more absolute legal rules, which, if strictly applied, threaten the 'evils of archaic rigidity.' " *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944), *disapproved of on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 & n.2 (1976)).

## II

Under AEDPA, a state prisoner has one year from the date his conviction becomes final to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). A petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered "pending," *Carey v. Saffold*, 536 U.S. 214, 225 (2002), or "properly filed," *Pace*, 544 U.S. at 418, within the meaning of § 2244(d)(2).

Nedds' conviction was final on June 22, 1999. Accordingly, absent statutory tolling, the deadline to file his federal habeas petition was June 22, 2000. But Nedds did not file his federal habeas petition until September 10, 2001. Nedds argues that regardless of whether he is entitled to statutory tolling, he is entitled to equitable tolling. Nedds contends that AEDPA's one-year statute of limitations should be equitably tolled for the entire time he pursued his state habeas petitions because, in deciding when he should file his federal habeas petition, he relied on then-existing Ninth Circuit precedent. Under that precedent, Nedds argues, he timely filed his federal habeas petition on September 10, 2001, because it was filed less than one year after the California Supreme Court denied Nedds' final state habeas petition. We agree.[2]

---

[2]The government argues that the 160-day delay between Nedds' second and third state habeas petitions and the 70-day delay between his third and fourth state habeas filings were unreasonable, and he is therefore not entitled to statutory tolling. Because we conclude that Nedds is entitled to equitable tolling, we need not decide if he is entitled to statutory tolling.

## III

**[1]** A habeas petitioner who decides when to file his federal habeas petition by relying on Ninth Circuit precedent that is later overturned by the Supreme Court is entitled to equitable tolling. *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir.), *cert. denied*, 555 U.S. 967 (2008); *Townsend v. Knowles*, 562 F.3d 1200, 1206 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, 131 S. Ct. 1120 (2011). Indeed, "[t]hese are precisely the circumstances in which equitable principles justify tolling of the statute of limitations." *Id.* at 1056.

**[2]** On July 6, 1999, the Ninth Circuit decided *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999), holding that "[AEDPA's] statute of limitations is [statutorily] tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.* at 1006 (footnotes omitted). Thus, Nedds was entitled to assume under *Nino* that the AEDPA statute of limitations would not begin to run until September 27, 2000, when his final state habeas petition was denied by the California Supreme Court. His AEDPA deadline was therefore one year later, on September 27, 2001. Because he filed his federal petition on September 10, 2001, his petition was timely under *Nino*.

**[3]** Not until June 17, 2002, when the United States Supreme Court decided *Carey v. Saffold*, 536 U.S. 214, 225 (2002), did the law on statutory tolling of AEDPA's statute of limitations change—well after Nedds filed his federal habeas petition. In *Saffold*, the Court implicitly overruled *Nino*, as it held that a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing. *See id.* at 225-27. Accordingly, under current Supreme Court law, if the state habeas court or the federal habeas court determines that a petitioner's state habeas delays

were unreasonable, he would not be entitled to statutory tolling for the intervals between state habeas petitions.

Nedds correctly argues, however, that *Townsend* and *Harris* control the outcome of his case. In *Harris*, we held that habeas petitioners who relied on precedent such as *Nino* were entitled to equitable tolling for the pendency of their state court habeas proceedings if Ninth Circuit precedent then in effect, under which the filing was timely, was later overturned by the United States Supreme Court. *See Harris*, 515 F.3d at 1057 ("Equitable principles dictate that [the court] toll AEDPA's statute of limitations in the rare case where a petitioner relies on [the court's] legally erroneous holding in determining when to file a federal habeas petition."); *id.* at 1053 n.3.

**[4]** Just as in *Harris*, Nedds "relied in good faith on then-binding circuit precedent in making his tactical decision to delay filing a federal habeas petition." *Id.* at 1055. Under *Harris*, Nedds' actions consistent with later overturned precedent qualify as an "extraordinary circumstance." *Id.* at 1057. Similar to the petitioner in *Townsend*, Nedds "diligently pursued his rights in his postconviction habeas petition in the state courts and ensured that he had enough time remaining to file a [timely] federal habeas petition under the then-existing [*Nino*] rule." *Townsend*, 562 F.3d at 1206. Nedds demonstrated the requisite "diligence" because his "failure to file a timely petition is not the result of oversight, miscalculation or negligence on his part." *Harris*, 515 F.3d at 1055. Because Nedds was entitled to equitable tolling, his AEDPA deadline was September 27, 2001, one year after the California Supreme Court denied his final state petition. Nedds filed his federal petition on September 10, 2001. His federal habeas petition was therefore timely.**³**

---

**³**The government argues that Nedds is precluded from arguing that he is entitled to equitable tolling because of his reliance on now-overruled Ninth Circuit precedent, because this specific equitable tolling argument

**IV**

The government argues that our decision in *Lakey v. Hickman*, 633 F.3d 782 (9th Cir. 2011), precludes Nedds' argument that he is entitled to equitable tolling under *Harris* and *Townsend*. We disagree. According to the government, *Lakey* established a requirement that a habeas petitioner must make an *affirmative showing* of actual reliance on the previous Ninth Circuit law to receive the benefit of equitable tolling. The government argues that Nedds makes no such showing.

**[5]** In support of its theory that *Lakey* establishes an *affirmative showing* of actual reliance requirement, the government mistakenly focuses on language in *Lakey* noting that the petitioners in *Harris* and *Townsend* "made a showing that they actually relied on a correct interpretation of the [later-overturned Ninth Circuit precedent] in delaying their federal petitioners." *Id.* at 787. First, this language was merely descriptive, and was in no way dispositive in *Lakey*. And in fact, nothing in either *Harris* or *Townsend* refers to the petitioners in those cases making an affirmative showing of actual reliance, in the sense of proving awareness and consideration of the precedents when deciding when to file their petitions.

**[6]** Nor do *Harris* or *Townsend* establish a requirement that petitioners show actual reliance in that sense. *Harris*, for

is an uncertified claim not included in the Certificate of Appealability. The Certificate of Appealability was granted with respect to the following issue: "whether the district court properly dismissed appellant's 28 U.S.C. § 2254 petition as untimely, including (1) whether appellant is entitled to statutory 'gap' tolling, [ ] and (2) whether appellant is entitled to equitable tolling based on his lack of access to his legal materials and/or his delayed notice that the California Court of Appeal had denied his state habeas petition." This language is probably broad enough to encompass the variant of the equitable tolling argument we address. In any event, we construe Nedds' equitable tolling argument under *Harris* and *Townsend* as a motion to expand the Certificate of Appealability, and we grant the motion. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (per curiam); *see also* 9th Cir. R. 22-1(e); *Velasquez v. Kirkland*, 639 F.3d 964, 966 n.3 (9th Cir. 2011).

example, noted that "Harris was *undoubtedly aware* of when AEDPA's statute of limitations would expire under our rule in *Dictado*" and "*presumably* chose his tactical strategy" on that basis. 515 F.3d at 1055 (emphasis added). *Harris* was premised not on affirmative proof of actual reliance but on the assumption that litigants may, and do, make strategic decisions on the basis of applicable precedents. Thus, a showing of actual reliance may be *presumed* from the circumstances.

*Lakey* does not announce a new *affirmative showing* of actual reliance requirement either. Rather, in *Lakey* we denied the petitioner equitable tolling because he did not file his federal habeas petition until 141 days after the Supreme Court overruled *Dictado*, the previously authoritative Ninth Circuit case. *Lakey*, 633 F.3d at 787. This delay provided clear indication that Lakey did *not* rely on *Dictado* in deciding when to file his habeas petition, but was simply dilatory. While *Lakey* does establish that a petitioner who clearly did *not* rely on our precedent in timing his petition is not entitled to equitable tolling, it does not establish the opposite—that a petitioner must make an *affirmative showing* of actual reliance to be entitled to equitable tolling. Instead, *Lakey* demonstrates that in some circumstances the usual presumption that litigants' behavior is influenced by the law in effect at the time they act is belied by the overall course of events.

**[7]** Unlike in *Lakey*, in *Harris* and *Townsend* the petitioners' actions were consistent with reliance on *Dictado* in deciding when to file their petitions. As we noted in *Lakey*, the petitioner in *Harris* filed his federal habeas petition just fourteen days after the Supreme Court overturned our precedent, and the petitioner in *Townsend* filed his claim before the Supreme Court announced its decision. *Id.* Like the petitioner in *Townsend*, Nedds must be presumed to have relied on our precedent, since he filed his federal habeas petition almost nine months before our *Nino* decision was implicitly overturned by the Supreme Court in *Saffold*, and very shortly before the deadline as calculated under *Nino*.

Just as *Lakey* does not preclude Nedds' equitable tolling claim, our decision in *Velasquez v. Kirkland*, 639 F.3d 964 (9th Cir. 2011), is no bar to relief. In *Velasquez*, we denied equitable tolling, holding that the petitioner was put on notice of the relevant change in law in *Saffold*, 536 U.S. at 225, because it was decided by the Supreme Court before the petitioner filed even his state habeas petitions. The petitioner could not have relied on precedent that was overturned before he filed his first habeas petition. *Velasquez* is unlike the situation Nedds faced, because, as we discussed above, *Saffold* was decided after Nedds filed his federal habeas petition. Thus, it was impossible for Nedds to have been on notice of the *Saffold* decision while he was deciding when to file his federal habeas petition.[4]

## CONCLUSION

**[8]** Nedds is entitled to equitable tolling for the time period his state court habeas petitions were pending because he was entitled to rely on then-existing, but later overturned, Ninth Circuit precedent that would have made his federal habeas petition timely when it was filed. We therefore **VACATE** the district court's order dismissing Nedds' federal habeas petition as untimely and **REMAND** the case to the district court for consideration of Nedds' petition on the merits.

---

[4]As an alternative ground for receiving equitable and statutory tolling, Nedds contends that he did not receive timely notice of the July 14, 1999, denial of his second petition because the California Court of Appeal did not have his correct address after he was transferred to Tehachapi. *See Saffold*, 536 U.S. at 226 (treating petitioner's lack of timely notice of his state habeas denial as a relevant consideration in determining whether the 4 1/2-month gap between filings was reasonable). Nedds, however, did not notify the court of his change of address. *See* Cal. R. Ct. 8.32 (b)(1) ("An . . . unrepresented party whose address . . . changes while a case is pending must promptly serve and file a written notice of the change in the reviewing court in which the case is pending."). Nor does Nedds state in his briefs the date on which he finally received notice of the court's denial. For these reasons, we agree with the district court that Nedds is not entitled to statutory or equitable tolling on this ground.