NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEPTEMBER 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN SCOTT DAVIS,<br><br>        Petitioner - Appellant,<br><br>    v.<br><br>PALMER; NEVADA STATE GENERAL,<br><br>        Respondents - Appellees. | No. 13-15245<br><br>D.C. No.<br>3:11-cv-00897-RCJ-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 10, 2014[**]
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

    Kevin Scott Davis appeals from a judgment by the District of Nevada dismissing

his federal habeas corpus petition as untimely under 28 U.S.C. § 2244(d).   We

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

agree with the district court that Davis has not demonstrated eligibility for equitable tolling, so we affirm.[1]

We review *de novo* the district court's decision to dismiss a § 2254 habeas petition as untimely. *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012). We review the district court's decision not to order an evidentiary hearing for abuse of discretion. *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

Davis argues that he is entitled to at least 100 days of equitable tolling[2] based on a combination of attorney negligence, lack of library access, and the state court's delay in resolving his motion to withdraw the guilty plea.[3] None of these grounds

---

[1] This court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201. We therefore grant Davis's motion to take judicial notice of certain state court pleadings, which were not included in Davis's *pro se* pleadings before the district court.

[2] Davis alternately requests statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) based on a state-created impediment for these same grounds. Because we address the possibility of an impediment as part of the equitable tolling argument, we will not duplicate this analysis to address impediments for statutory tolling.

[3] Davis additionally argues that he should have been allowed to appear for oral argument in his plea withdrawal motion, that he should have been appointed counsel for his plea withdrawal motion, and that the state court should not have dismissed his motion to withdraw the guilty plea. None of these arguments bear on the timeliness of his federal habeas petition.

qualify for equitable tolling because none prevented Davis from timely filing his federal habeas petition.

A federal habeas petitioner is entitled to equitable tolling of AEDPA's 1-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Davis's allegation of attorney misconduct based on his attorney's failure to file a direct appeal in state court is not an extraordinary circumstance because his attorney did not commit egregious misconduct, nor did Davis show that it prevented him from timely filing his federal habeas petition. *See Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003); *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2009).

Davis's allegations of limited library access fail because "[o]rdinary prison limitations on [a prisoner's] access to the law library" are "neither 'extraordinary' nor [make] it 'impossible' for him to file his petition in a timely manner." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Davis has not pointed to any specific information that he needed but could not access.

Davis also has not shown that the state court's delay in adjudicating his motion to withdraw the guilty plea caused his untimely federal petition. The state's delay

during the motion to withdraw the guilty plea did not cause Davis's state habeas petition to be untimely because Davis was not required to bring the motion to withdraw the guilty plea prior to filing his state habeas petition. *See Hart v. State*, 1 P.3d 969, 971-72 (Nev. 2000) (holding that post-conviction challenges to a guilty plea could be brought as a motion to withdraw guilty plea or as a habeas petition), *overruled by Harris v. State*, 329 P.3d 619 (Nev. 2014). The delay also did not cause Davis's federal petition to be untimely because he did not need to wait for the Nevada Supreme Court to resolve his state habeas petition before filing his federal habeas petition and either asking for a stay or omitting any claims not previously raised in his motion to withdraw the guilty plea. *See Rhines v. Weber*, 544 U.S. 269, 275-77 (2005) (holding that district courts have discretion to stay federal habeas petitions pending exhaustion of claims in state court where there was good cause for the failure to exhaust previously); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Finally, Davis acknowledges that he waited until after the statute of limitations had run to file his federal habeas petition because he was waiting for remittitur on an appeal of a non-appealable order of the state district court, and he does not argue that this mistake was an extraordinary circumstance or was caused by an extraordinary

4

circumstance.  *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . .").[4]

Because Davis does not qualify for equitable tolling, his petition would be untimely regardless of the resolution of the other issues raised on appeal.  We therefore decline to reach those issues.

For the foregoing reasons, we AFFIRM.

---

[4] Davis has not alleged facts that would entitle him to equitable tolling, so it was not an abuse of discretion for the district court to decline to order an evidentiary hearing. *See Roy*, 465 F.3d at 969 (holding that a habeas petitioner is entitled to an evidentiary hearing when the petitioner "makes a good-faith allegation that would, if true, entitle him to equitable tolling" (emphasis, citation, and internal quotation marks omitted)).