NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEPTEMBER 16
2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERDINANDO L. ROBINSON,<br><br>Petitioner - Appellant,<br><br>v.<br><br>D. W. NEVEN; ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>Respondents - Appellees. | No. 12-17279<br><br>D.C. No. 2:11-cv-01748-KJD-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 10, 2014[**]
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Ferdinando L. Robinson appeals from a judgment by the District of Nevada

dismissing his federal habeas corpus petition as untimely under 28 U.S.C. § 2244(d).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

We agree with the district court that Robinson has not demonstrated eligibility for equitable tolling, so we affirm.

The district court's decision to dismiss a § 2254 habeas petition as untimely is reviewed *de novo*. *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012). The district court's decision not to order an evidentiary hearing is reviewed for abuse of discretion. *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

Robinson argues that, because of alleged attorney negligence, he is entitled to equitable tolling for a period of 145 days prior to the filing of his state habeas corpus petition, or, in the alternative, that he is entitled to an evidentiary hearing on the issue of equitable tolling. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). A habeas petitioner is entitled to an evidentiary hearing when the petitioner "makes a good-faith allegation that would, if true, entitle him to equitable tolling." *Roy*, 465 F.3d at 969 (emphasis, citation, and internal quotation marks omitted).

Robinson's allegations of attorney misconduct do not rise to the level of extraordinary circumstances. *See Holland*, 560 U.S. at 652 (holding that "a 'garden variety claim' of attorney negligence" does not justify equitable tolling); *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002) (holding that prisoners have no right to counsel for habeas proceedings, and consequently no right to advice or information about the habeas process from trial or direct review counsel). Nor has Robinson met his burden of showing that he demonstrated diligence throughout the limitations period. Additionally, because Robinson has not alleged facts that would entitle him to equitable tolling, it was not an abuse of discretion for the district court to decline to order an evidentiary hearing.

Because Robinson does not qualify for equitable tolling on the basis of attorney misconduct, his petition would be untimely regardless of the resolution of the other issues he raises in favor of tolling. We therefore decline to reach those issues.

For the foregoing reasons, we AFFIRM.