NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES E. DALY,<br><br>          Petitioner - Appellant,<br><br>  v.<br><br>W. KNIPP, Warden,<br><br>          Respondent - Appellee. | No. 13-16294<br><br>D.C. No. 4:12-cv-00091-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 17, 2014[**]
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

James E. Daly appeals from an order by the Northern District of California

dismissing his federal habeas corpus petition as untimely under 28 U.S.C. § 2244(d).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We agree with the district court that Daly has not demonstrated that he is entitled to equitable tolling, so we affirm.[1]

The district court's decision to dismiss a § 2254 habeas petition as untimely is reviewed de novo. *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012). The district court's decision not to order an evidentiary hearing is reviewed for abuse of discretion. *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006).

Absent equitable tolling, Daly's petition was 197 days late. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). A habeas petitioner is entitled to an evidentiary hearing when the petitioner "makes a good-faith allegation that would, if true, entitle him to equitable tolling." *Roy*, 465 F.3d at 969 (emphasis, citation, and internal quotation marks omitted).

---

[1] Daly asks this court to take judicial notice of the exhibits attached to his federal habeas petition. Blue Br. at 14-15 n.1. Original papers and exhibits filed in the district court are already part of the record on appeal, *see* F.R.A.P. 10(a)(1), so the request to take judicial notice is denied as unnecessary.

A petitioner's complete lack of access to his legal file can justify equitable tolling. *See Espinoza-Matthews*, 432 F.3d at 1028; *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003). But Daly's allegations of limited access to his legal file do not rise to the level of extraordinary circumstances. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (holding that petitioner's "pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions" were "hardly extraordinary given the vicissitudes of prison life"); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [a petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."). Nor does Daly point to specific documents he needed but could not access. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (9th Cir. 2009) ("Waldron-Ramsey does not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed.").

Because Daly has not alleged facts that would entitle him to equitable tolling, it was not an abuse of discretion for the district court to decline to order an evidentiary hearing.

The other circumstances for which Daly requests equitable tolling together account for only 123 days, so even if those circumstances merited equitable tolling, Daly's petition would be untimely. We therefore have no reason to evaluate those circumstances.

For the foregoing reasons, we AFFIRM.