NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID YULO MARTINEZ III, | No. 18-16372 |
| Petitioner-Appellant, | D.C. No. 4:15-cv-00566-BPV |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding

Submitted September 11, 2019[**]
San Francisco, California

Before: WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Petitioner David Yulo Martinez III appeals the district court's denial of his

28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. We have

jurisdiction under 28 U.S.C. §§ 1291, 2253 and we review the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of Martinez's petition *de novo*. *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012). We affirm.

Martinez concedes that his petition was filed untimely. He contends only that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations from March 2015 until July 2015—a period during which he was hospitalized for hip surgery. But Martinez (concededly) did not raise this argument to the district court, and our ordinary practice is that arguments raised for the first time on appeal are waived absent exceptional circumstances. *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002). To prevail on his appeal, Martinez thus must demonstrate both that he is entitled to equitable tolling and that some exceptional circumstance justifies overlooking that Martinez waived his equitable tolling argument. Because we see no such exceptional circumstances, we conclude that Martinez waived his equitable tolling argument.

**AFFIRMED.**