**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CHANCE BLACKMAN,

    *Petitioner-Appellant*,

v.

THERESA CISNEROS,

    *Respondent-Appellee*.

No. 23-55340

D.C. No.
2:21-cv-02739-
MEMF-JPR

OPINION

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted September 11, 2024
Pasadena, California

Filed November 29, 2024

Before:  Sandra S. Ikuta, Michelle T. Friedland, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge Ikuta

# SUMMARY[*]

## Habeas Corpus

The panel affirmed the district court's judgment dismissing a federal habeas petition filed by state prisoner Chance Blackman more than a year after the federal statute of limitations had run.

Blackman claimed he is entitled to equitable tolling of the limitations period because he was subject to severe mental and physical impairments that rendered him unable to file a timely federal habeas petition.

The panel held that because Blackman was able to use the assistance available to him in prison to file multiple cogent state habeas petitions both before and after the federal deadline had run, Blackman did not carry his burden of establishing the second prong of the test set forth in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010)—namely, that any impairment or combination of impairments was a but-for cause of any delay. The panel wrote that no further factual development requiring remand is necessary.

Because Blackman did not satisfy the second prong of *Bills*, the panel did not need to reach the first prong (inability rationally or factually to personally understand the need to timely file, or a mental state that rendered the petitioner unable personally to prepare a habeas petition and effectuate its filing). Because Blackman is not entitled to equitable tolling, the panel did not reach his statutory tolling argument,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

since his federal habeas petition would have been untimely even with the statutory tolling he argues he is entitled to.

## COUNSEL

Kameron Johnston (argued), Deputy Federal Public Defender; Lauren Collins, Assistant Federal Public Defenders; Cuauhtemoc Ortega, Federal Public Defender; Federal Public Defender's Office, Los Angeles, California; for Petitioner-Appellant.

Christopher G. Sanchez (argued), Deputy Attorney General; Kenneth C. Byrne, Supervising Deputy Attorney General; Susan S. Pithey, Senior Assistant Attorney General; Lance E. Winters, Chief Assistant Attorney General; Rob Bonta, California Attorney General; Office of the California Attorney General, Los Angeles, California; for Respondent-Appellee.

## OPINION

IKUTA, Circuit Judge:

Chance Blackman, a state prisoner, filed his federal habeas petition more than a year after the federal statute of limitations had run. On appeal, he claims he is entitled to equitable tolling of the limitations period because he was subject to severe mental and physical impairments that rendered him unable to file a timely federal habeas petition. Because Blackman had access to legal assistance and filed multiple state habeas petitions both before and after the federal deadline had run, we agree with the district court that

Blackman has not met the conditions justifying equitable tolling.

## I

A state prisoner's federal petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. AEDPA sets a one-year statute of limitations, running from the time the petitioner's state conviction becomes final. *Id.* § 2244(d). The timeliness of a claim under AEDPA is a threshold question that must be decided before reaching the merits. *Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012).

Section 2244(d)(2) tolls AEDPA's limitations period for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." That statutory tolling period includes the time during which a "properly filed" habeas petition is pending before the state court and the time between a lower state court's denial of a petition and a petitioner's appeal of that denial, so long as the petitioner files the appeal in a reasonable amount of time. *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

In addition to the statutory tolling allowed by § 2244(d)(2), the Supreme Court has held that the AEDPA statute of limitations is subject to equitable tolling if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he petitioner bears the burden of showing that equitable tolling is

appropriate." *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

A petitioner's mental impairment may constitute extraordinary circumstances that justify equitable tolling. *See Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). In *Bills*, we set forth a framework for determining when a petitioner's mental impairment can justify equitable tolling. The petitioner must meet a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id.* at 1099–1100 (citation and footnote omitted).

Under that framework, even when a petitioner has an impairment so severe that the petitioner is unable to understand the need to meet the deadline for filing, the petitioner must "show diligence in pursuing the claims" and "that the mental impairment made it impossible" to meet the

filing deadline. *Id.* at 1100. We have clarified that a petitioner does not need to show that a mental impairment made it literally impossible to file, but instead need show only that the mental impairment was "a but-for cause of any delay." *Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (quoting *Forbess v. Franke*, 749 F.3d 837, 841 (9th Cir. 2014)).

In considering whether the petitioner has shown diligence, we evaluate the totality of the circumstances, including any reasonably available assistance, whether from another inmate or from an attorney. *Bills*, 628 F.3d at 1100–01 (describing the availability of assistance as "an important element," "highly relevant," and something a petitioner must "diligently seek . . . and exploit" to satisfy the second prong). When a petitioner makes use of available assistance, a petitioner is not entitled to equitable tolling merely because the petitioner's legal assistant or lawyer fell below the standard of care. "Merely ineffective performance of state post-conviction counsel does not give rise to equitable tolling." *Milam*, 953 F.3d at 1133 (citing *Miranda v. Castro*, 292 F.3d 1063, 1067–68 (9th Cir. 2002)). We have surmised that a petitioner who relies on counsel but misses the AEDPA deadline might satisfy the second prong of *Bills* if the mental impairment prevented the petitioner from monitoring the state habeas lawyer, if such monitoring would have prevented the state habeas lawyer from inordinate delay between state filings, and if such delay between state petitions caused the federal petition to be untimely. *Id*. Otherwise, a petitioner who relies on the assistance of another inmate or an attorney to file state or other federal filings before and after the AEDPA deadline generally cannot show that a mental impairment was a but-for cause of failing to meet the AEDPA filing deadline. This

is because a petitioner's "inability correctly to calculate the limitations period" does not amount to the sort of "extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154.

A petitioner's demonstrated ability to file state habeas petitions during the relevant period indicates that the petitioner's mental impairment did not make it impossible to timely file a federal petition. *See Stancle,* 692 F.3d at 958–59; *see also Orthel v. Yates*, 795 F.3d 935, 939 n.3 (9th Cir. 2015) (holding that a petitioner could not meet the second prong where his participation in separate litigation indicated that counsel may have been reasonably available). In *Yow Ming Yeh v. Martel*, for example, we held that a petitioner's mental impairment was not "so severe as to be the but-for cause of his delay" where, among other things, the petitioner "was able to file a state habeas petition in three different California venues." 751 F.3d 1075, 1077–79 (9th Cir. 2014); *accord Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (holding that a petitioner did not show extraordinary circumstances warranting equitable tolling when he managed to file several petitions for post-conviction relief in state court during the time for which he sought equitable tolling); *Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005) (holding that a petitioner's documented physical and mental impairments did not entitle him to equitable tolling when he had filed a state petition before and after the expiration of AEDPA's statute of limitations).

By contrast, in *Forbess*, the petitioner had the delusional belief that he was in a witness protection program and that the FBI would arrange for his release. 749 F.3d at 841. We concluded that during the time the petitioner was suffering from this delusion, "nothing anyone might have said to [the petitioner] about the need to timely file would have altered

his behavior." *Id.* (emphasis omitted).    Therefore, the petitioner was entitled to equitable tolling.

Thus, in analyzing the second prong of the *Bills* framework, courts consider whether, under the totality of the circumstances and in light of reasonably available assistance, the petitioner carried the burden of demonstrating that a mental impairment was a but-for cause of missing the AEDPA deadline.  In evaluating that, courts have considered whether the petitioner had assistance, whether—with or without assistance—the petitioner was able to file state or other pleadings in the case, and whether the petitioner was suffering from a delusion about the necessity of filing.

## II

We now turn to the facts of this case.  Blackman was convicted in state court of forcible rape, forcible oral copulation, injuring a person with whom he had a dating relationship, and dissuading a witness from reporting a crime.  Blackman was sentenced to 18 years in state prison on December 20, 2017, and the California Court of Appeal affirmed Blackman's conviction on October 2, 2018. Blackman did not petition the California Supreme Court for review of this decision, and his conviction became final forty days later, on November 13, 2018.[1]  *Waldrip v. Hall*, 548 F.3d 729, 735 & n.2 (9th Cir. 2008).  AEDPA's one-year statute of limitations began to run on the following day, November 14, 2018.  Fed. R. Civ. P. 6(a)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246–47 (9th Cir. 2001).  Absent statutory or equitable tolling, the last day for Blackman to

---

[1] Because the fortieth day was Sunday, November 11, 2018, and the following day was a legal public holiday, the conviction became final on Tuesday, November 13, 2018.  Fed. R. Civ. P. 6(a)(3); *see Waldrip*, 548 F.3d at 735 n.2 (applying Fed. R. Civ. P. 6(a)(3) to same situation).

file a federal habeas petition within AEDPA's statute of limitations would have been November 13, 2019.

After the state court affirmed Blackman's conviction and sentence on direct appeal, Blackman filed several state habeas petitions.[2] The district court concluded (and both parties agree) that the AEDPA statute of limitations was statutorily tolled from the date Blackman filed his first petition (April 21, 2019) through the date the Court of Appeal denied his second petition (July 31, 2019). But after July 31, 2019, the limitations period was not tolled during the pendency of Blackman's third and fourth petitions (or during the gap between them) because the state court deemed them successive and thus not "properly filed." 28 U.S.C. § 2244(d)(2).[3] Therefore, February 24, 2020, was the

_____

[2] On April 21, 2019, Blackman filed his first petition, in the state trial court. On June 21, 2019, the state trial court denied Blackman's petition. On July 24, 2019, Blackman filed his second petition, in the California Court of Appeal, which was functionally an appeal of the denial of his first petition. *See Evans v. Chavis*, 546 U.S. 189, 192–93 (2006). On July 31, 2019, the Court of Appeal denied the petition "without prejudice to [Blackman] filing a new petition in the superior court with a record sufficient for review, including but not limited to a declaration of his trial counsel or a declaration demonstrating his efforts to obtain such a declaration."

[3] On September 8, 2019, Blackman filed a third petition, in the superior court, which the superior court denied as successive on December 4, 2019. On January 15, 2020, Blackman filed a fourth petition, in the California Court of Appeal. On January 29, 2020, that petition, too, was denied as successive. On May 7, 2020, Blackman filed his fifth petition, this time in the California Supreme Court. That petition was summarily denied on July 22, 2020. Because those petitions were successive, they were not properly filed. 28 U.S.C. § 2244(d)(2) (petitions must be "properly filed"); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied . . . the petition cannot be . . . an improper successive petition.").

last day on which Blackman could have timely filed his federal habeas petition within the AEDPA limitations period, absent additional statutory or equitable tolling.[4]

In support of his third state petition, filed September 8, 2019, Blackman submitted his own declaration concerning his trial counsel's failure to present certain evidence. He also filed a declaration from his prison legal advocate, Karl Frantz, which attested that Frantz incorporated information gleaned from "several conversations with the petitioner." Frantz noted that Blackman rambled and did not make sense at times. Frantz's declaration stated that he gathered information from reviewing the record, including reading transcripts of Blackman's trial. Frantz offered his "layman's opinion" that Blackman was suffering a mental illness which was so severe as to almost incapacitate him.

On March 23, 2021, a little over a year after the AEDPA statute of limitations ran, Blackman filed a federal habeas petition in district court.

Blackman followed this petition with numerous other federal filings. On July 19, 2021, Blackman filed a motion for appointment of counsel, citing his mental health issues and attaching some health records. Shortly thereafter, the state filed a motion to dismiss. On July 29, 2021, the district

---

[4] Using November 14, 2018, as day one of AEDPA's 365-day limitations period and adding 102 days (April 21, 2019–July 31, 2019, inclusive) for the time between the filing of the first petition and the denial of its functional appeal (Blackman's second petition), the last day of the limitations period would fall on Sunday, February 23, 2020. Applying Rule 6(a)(3), the last day on which Blackman's federal habeas petition would have been timely without the application of other tolling doctrines was Monday, February 24, 2020. *See* Fed. R. Civ. P. 6(a)(3) (providing the rule for computing time for motion papers where clerk's office is inaccessible).

court denied Blackman's request for appointment of counsel, citing the general proposition that there is no right to counsel in federal habeas proceedings and finding that Blackman had "not submitted 'substantial evidence of incompetence' or shown that he is unable to 'understand and respond' to the Court's orders." The district court notified Blackman that he could file a new request with additional supporting evidence, that counsel would be appointed if a future proceeding (such as an evidentiary hearing) required it, and that he could request additional time to file an opposition to the state's motion to dismiss if needed.

Blackman's opposition to the state's motion to dismiss was due on August 12, 2021. When he failed to file an opposition, the district court sua sponte extended the deadline until September 20, 2021, ruling that it would take the motion under submission if Blackman did not file an opposition by that date. Instead of filing an opposition, Blackman filed a request for an update on the status of his petition on February 10, 2022.[5]

On March 8, 2022, the magistrate judge issued a report and recommendation to grant the state's motion to dismiss the case. The magistrate judge concluded that Blackman was not entitled to equitable tolling. First, the magistrate judge indicated that Blackman did not oppose the state's motion to dismiss and did not argue for equitable tolling. Although Blackman presented medical records showing that he had been treated while in custody for mental health issues, including schizophrenia with symptoms of delusions and

---

[5] The district court responded to this request months later, after the magistrate judge's report and recommendation had been submitted and Blackman had already filed objections, noting that the matter was submitted and that there was nothing Blackman was required to do.

hallucinations, the magistrate judge found that, with few exceptions, Blackman did not show signs of psychosis or symptoms of delusions or hallucinations from November 2018 to February 2020. The report and recommendation quoted medical records submitted by Blackman, stating that he was "treatment compliant" by the time the statute of limitations began to run, that he did not "demonstrate chronic psychiatric symptoms" or "require structured inpatient psy care," and that he was "doing good" after being placed in the prison's relatively low-concern mental-health Enhanced Outpatient Program.[6] The report and recommendation further recognized that Blackman's occasional self-reports of paranoia and delusions were limited to a brief period between February 2019 and April 2019, were treated with medication, and did not return until after the AEDPA statute of limitations ran. The magistrate judge found that Blackman had successfully filed four state habeas petitions during the AEDPA limitations period and had access to an inmate legal advocate throughout the limitations period. Therefore, the magistrate judge concluded that Blackman's mental health issues did not prevent him from filing a timely federal petition before the AEDPA statute of limitations expired.

Despite having failed to oppose the motion to dismiss, Blackman filed objections to the report and recommendation. In his objections, Blackman claimed for the first time that he was visually impaired, that his case was "private," that COVID lockdowns prevented his access to

---

[6] In California state prisons, the Enhanced Outpatient Program is the second-lowest level of care (out of four) for mentally ill patients. *See Coleman v. Brown*, 28 F. Supp. 3d 1068, 1074–75 (E.D. Cal. 2014) (discussing four levels of mental health care in California state prison).

the law library,[7] and that his ongoing mental health issues (in combination with the other factors) merited equitable tolling.

In March 2023, the district court exercised its discretion to consider Blackman's objections, including arguments raised for the first time. *See United States v. Howell*, 231 F.3d 615, 621–23 (9th Cir. 2000). The district court observed that the medical records indicating Blackman suffered from visual impairment were dated July 2021, "well after the deadline for filing the Petition had run." As for Blackman's claim of mental impairment, the court found that Blackman's objections to the report and recommendation "appear[] to bely any entitlement to equitable tolling." The objections, which were "cogent and attach[ed] relevant documentary evidence," demonstrated that Blackman continued to have access to inmate legal assistance capable of enabling him to file, as he apparently had when he previously filed his state petitions. The district court accepted the report and recommendation, noting that the magistrate judge had already addressed the remaining arguments in Blackman's objections.

The district court granted Blackman a certificate of appealability on whether his mental impairments entitled him to equitable or statutory tolling. Blackman timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a petition for writ of habeas corpus as time-barred. *Bills*, 628 F.3d at 1096. If the facts underlying a claim for equitable tolling are undisputed, we review de novo the question whether the statute of

---

[7] Blackman has abandoned the "private" and COVID arguments on appeal, so we do not address them here.

limitations should be equitably tolled; otherwise, we review the district court's findings of fact for clear error. *Id.*

## III

We begin with Blackman's equitable tolling claim, because without it, his statutory tolling claim does not help him.[8]   Because Blackman's basis for equitable tolling is mental impairment, we apply the test set forth in *Bills*.[9]

---

[8] Blackman argues that he is entitled to statutory tolling for the 280-day period between his second petition (his first appeal in the California Court of Appeal, denied on July 31, 2019) and his fifth (his first petition for review in the California Supreme Court, constructively filed on May 7, 2020).   Without the application of equitable tolling, Blackman's federal habeas petition is still untimely even with 280 days of statutory tolling.

[9] On appeal, Blackman argues that he is entitled to equitable tolling because of his auditory, visual, and mental impairments.  Blackman did not raise his auditory impairment before the district court and has thus forfeited the argument on appeal. *Arizona v. Components, Inc.*, 66 F.3d 213, 217 (9th Cir. 1995) ("Generally, an appellate court will not hear an issue raised for the first time on appeal." (citation and internal quotation marks omitted)).   Blackman raised his visual impairment in his objections to the magistrate judge's report and recommendation, but the district court granted a certificate of appealability on the mental impairment only.  We therefore construe Blackman's visual impairment argument as a motion to expand the certificate of appealability.  *See Nedds v. Calderon*, 678 F.3d 777, 782 n.3 (9th Cir. 2012) (construing a habeas petitioner's equitable tolling argument on one ground as a request for the expansion of a certificate of appealability that was granted on a different equitable tolling ground).  Blackman's briefing makes clear that he believes he is entitled to equitable tolling based on the "aggregate" of his "mental and physical impairments," and his briefing focuses primarily on his mental impairment, arguing he is entitled to tolling under the *Bills* framework.  Accordingly, we grant the motion to expand the certificate of appealability to consider whether Blackman's visual

On the first prong of *Bills,* Blackman presented evidence that he was suffering from symptoms of mental impairment during the period between November 2018 and February 2020 (when the AEDPA statute of limitations clock was ticking), and that he became visually impaired at some point during this period.  Blackman requests an evidentiary hearing to submit even more evidence of the severity and timing of the impairments.

We need not address the first prong of *Bills*—whether Blackman carried his burden of showing that he was "unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing"—because Blackman did not carry his burden of establishing the second prong of the *Bills* test—namely, that any impairment (or combination of impairments) "was a but-for cause of any delay."  *Id.* at 1100.

Considering the totality of the circumstances, Blackman's five filed state habeas petitions and subsequent federal filings demonstrate that assistance was available to Blackman throughout the relevant period and that he was able to use it.  From the time his state conviction became final on November 13, 2018, until the last day of the AEDPA limitations period on February 24, 2020, Blackman filed four habeas petitions.  Even after this date, the evidence shows Blackman continued to have the ability to file.  He filed a fifth habeas petition, a petition for review addressed to the California Supreme Court, on May 7, 2020.  Eight months

---

impairment, viewed in conjunction with his mental impairment, entitles him to equitable tolling under *Bills*.

after his fifth state habeas petition was denied on July 22, 2020, he filed the federal habeas petition currently on appeal.

In the district court, Blackman continued to demonstrate the ability to file multiple documents.[10]   Many of these filings were prepared with the help of inmate legal advocate Frantz and paralegal Michael Harrison.

The content and quality of Blackman's filings reflects substantial assistance from his fellow inmates (assuming, as Blackman asserts, that his impairments prevented him from preparing the filings himself).  Blackman's habeas petitions contain legal citations, excerpts from his trial record, exhibits, and at least four separate, independently argued grounds that were cogent and comprehensible.[11]

---

[10] Blackman's filings included: a request for appointment of counsel on July 19, 2021; a request for a status update on February 10, 2022; objections to the report and recommendation on March 19, 2022; another request for appointment of counsel on March 15, 2023; a motion to transfer to a higher level of care on March 15, 2023; and a notice of appeal on April 19, 2023.

[11] Blackman's first habeas petition argued four separate grounds for habeas relief: (1) that he received ineffective assistance of counsel because his counsel failed to obtain his accuser's cell phone; (2) that he received ineffective assistance of counsel because his counsel failed to investigate his accuser's alleged background as a sex worker; (3) that he was denied a fair trial under *Batson v. Kentucky*, 476 U.S. 79 (1986); and (4) that he received ineffective assistance of counsel because his counsel did not order a psychiatric examination when Blackman asked for one. Blackman's petition contained quotes from the trial transcript, relevant legal citations, and separately addressed both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), on each of his three ineffective assistance of counsel claims.  His second petition (filed in the California Court of Appeal after the superior court denied his first petition) was identical to the first.  However, his third, fourth, and fifth petitions were each unique, evidencing an ongoing ability to prepare filings throughout

Those filings indicate that Blackman had access to assistance in preparing his filings and indeed availed himself of it. In this case, his cogent state habeas petitions, filed during AEDPA's limitations period, foreclose the conclusion that his impairments—"and not [his] lack of diligence—were the cause of the tardiness of [his] federal habeas petition[]." *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). Because Blackman was able to use the assistance available to him in prison to file cogent petitions, he has failed to show that his mental impairments made it impossible for him to meet the filing deadline for AEDPA. *Bills*, 628 F.3d at 1100.

Relying on *Milam*, Blackman argues that but for his mental impairment, he would have monitored and supervised his inmate legal advocate to ensure that the AEDPA deadline was not missed. But the record does not reflect that this is the rare case where a federal petition was untimely because the petitioner's state habeas counsel waited too long between state filings, where counsel would not have waited so long had counsel been monitored, and where the petitioner would have been mindful of the AEDPA statute of limitations and directed a legal advocate

---

the course of the limitations period. His third petition raised grounds (1), (3), and (4) from the first petition, arguing each in new language and with legal citations in support. His fourth petition raised a cogent argument that the superior court erred in denying his third petition as successive, and separately summarized each of the three grounds for habeas relief it asserted. His fifth petition (filed in the California Supreme Court) dropped the *Batson* claim and asserted only grounds (1) and (4). This petition contained seven pages of legal argument, an organized table of contents and table of authorities, a declaration, and several relevant exhibits.

to make a timely filing that ensured his counsel's compliance with habeas deadlines but for his own mental impairment.

Rather, the record reflects that Blackman was attentive to his case but simply did not focus adequately on the federal deadline. Blackman referenced his case multiple times in his conversations with social workers and psychiatrists throughout this period, including statements that: "I hire the jail house lawyer to work for me," (February 18, 2019); and "I have my appeal papers ready but did not send them" (March 23, 2019). Blackman conceded in his opening brief that his filings "demonstrate[] the care he took to stay abreast of his case." The content and quality of Blackman's filings, and his attentiveness to them, demonstrate that it was not "impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills*, 628 F.3d at 1100.

No further factual development requiring remand is necessary on this second prong of *Bills*. The district court engaged in the required analysis, focusing on the effect of Blackman's impairment on his ability to file a timely habeas petition in light of the "reasonably available access to assistance" Blackman possessed. *Id.* We also reject Blackman's argument that he is entitled to a hearing to produce additional evidence of the severity and timing of his impairment. Such additional evidence would support the first prong of *Bills*, which we have assumed is satisfied, and would not detract from the district court's conclusion that Blackman failed to show due diligence. That Blackman was suffering from a mental impairment is true of all petitioners

who satisfy the first prong of *Bills*.  It does not excuse him from satisfying the second prong.**[12]**

   **AFFIRMED**.

---

[12] Because Blackman is not entitled to equitable tolling, we do not reach his statutory tolling argument, since his federal habeas petition would still have been untimely even with the 280 days of statutory tolling he argues he is entitled to.  *See supra*, n.8.

   Additionally, we deny as moot the government's motion to strike Blackman's opening brief, because our decision does not depend on any of the disputed content contained therein.